UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |  |
|---|---|---|
| **ROBERT LEE CRIDER,** <br> **TDCJ No. 02230764,** | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| v. | § <br> § | **CIVIL NO. SA-22-CA-0498-XR** |
| **BOBBY LUMPKIN, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** | § <br> § <br> § <br> § <br> § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Robert Lee Crider's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), wherein Petitioner challenges the constitutionality of his 2018 state court conviction for felony driving while intoxicated (DWI). Also before the Court are Petitioner's supplemental memorandum in support (ECF No. 10), Respondent Bobby Lumpkin's Answer (ECF No. 14), and Petitioner's Reply (ECF No. 16) thereto.

Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In October 2018, Petitioner was found guilty of felony DWI (enhanced as a habitual offender) and sentenced to seventy years of imprisonment. *State v. Crider*, No. B18-73 (198th Dist. Ct., Kerr Cnty., Tex. Oct. 26, 2018); (ECF No. 13-2 at 122-23). The Texas Fourth Court of Appeals affirmed Petitioner's conviction in an unpublished opinion on direct appeal. *Crider v.*

*State*, No. 04-18-00856-CR, 2019 WL 4178633 (Tex. App.—San Antonio, Sept. 4, 2019, pet. granted Jan. 15, 2020); (ECF No. 13-22).  After granting Petitioner's petition for discretionary review and hearing oral argument, the Texas Court of Criminal Appeals affirmed the judgment of the court of appeals in a published opinion delivered September 16, 2020.  *Crider v. State*, 607 S.W.3d 305 (Tex. Crim. App. 2020); (ECF No. 13-35).  The United States Supreme Court then denied Petitioner's request for writ of certiorari.  *Crider v. Texas*, 141 S. Ct. 1384 (2021); (ECF No. 13-39).

Following his direct appeal proceedings, Petitioner challenged the constitutionality of his conviction by filing an application for state habeas corpus relief.  *Ex parte Crider*, No. 92,095-01 (Tex. Crim. App.); (ECF No. 13-54 at 12-27).  The Texas Court of Criminal Appeals denied the application without written order on May 26, 2021.  (ECF No. 13-47).  Thereafter, Petitioner filed a second state habeas corpus application again challenging his conviction, but the Texas Court of Criminal Appeals eventually dismissed the subsequent application as a successive petition pursuant to Tex. Code Crim. Proc. Art. 11.07, Sec. 4.  *Ex parte Crider*, No. 92,095-02 (Tex. Crim. App.); (ECF Nos. 13-56, 13-59, and 13-63 at 11-86).

Petitioner initiated the instant proceedings on May 11, 2022, by filing a petition for federal habeas corpus relief.  (ECF No. 1 at 15).  In the petition and supplemental memorandum that followed, Petitioner argues that his current DWI conviction and sentence violated his due process and *ex post facto* rights because prior DWI convictions were improperly used to jurisdictionally enhance the instant DWI charge to a felony.[1]

---

[1]  Petitioner raised several more allegations (Claims 2-10) in his original petition and memorandum, but later withdrew these allegations "as though they were never even submitted" in his Reply to Respondent's Answer.  (ECF No. 16 at 1).  As such, the Court will only address Petitioner's first claim for relief.

## II. <u>Standard of Review</u>

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Merits Analysis

Petitioner committed the instant offense of Felony DWI on October 3, 2017. (ECF No. 13-2 at 17). To enhance the charge to a felony, the State alleged in Petitioner's indictment that he had two prior DWI convictions in March 1990 and May 1990. *Id*. Previously, Section 49.09(e) of the Texas Penal Code provided that a prior conviction could not be used for enhancement if the conviction was more than ten years old. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3698; *see also* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2734, 2743. In 2005, however, the Legislature repealed subsection (e) and eliminated the ten-year requirement, effective September 1, 2005. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364.

Despite this change in the law in 2005, Petitioner contends the prior 1990 convictions were improperly used to jurisdictionally enhance his DWI charge to a felony in violation of his due process and *ex post facto* rights. According to Petitioner, the Texas Legislature enacted a "savings clause" at the same time they repealed Section 49.09(e), which still prevented the State from using the prior convictions to elevate the instant offense to a felony. As a result, Petitioner argues, (1)

4

his indictment was defective, (2) the trial court was without jurisdiction to consider the charge, and (3) he is actually innocent of the charged offense.

Petitioner raised this allegation during his state habeas corpus proceedings, which the state habeas trial court and later the Texas Court of Criminal Appeals rejected without written order. (ECF Nos. 13-47; 13-52 at 12-13; 13-54 at 17-18). As discussed below, Petitioner fails to demonstrate the state court's determination was either contrary to, or an unreasonable application of, clearly established federal law or Supreme Court precedent.

A.   **State Law Issue**

To start, the issue of whether a defendant's prior convictions are properly used for enhancement purposes is solely a question of state law. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995); *Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982). Claims based solely on state law are generally not cognizable in a § 2254 proceeding, and a federal court must typically defer to the state court's determination of Texas law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (stating that the Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law.")(citations omitted); *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998) (failure to follow Texas law is not reviewable). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Trevino v. Johnson*, 168 F.3d 173, 184 (5th Cir. 1999) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Therefore, even if the state trial court in fact misapplied state law, it would have no impact on whether federal habeas corpus relief was warranted. *See Rubino v. Lynaugh*, 845 F.2d 1266, 1271 (5th Cir. 1988) ("[T]he determination of what prior crimes should count for enhancement purposes under Texas law was solely for the State and 'not cognizable' in a federal habeas proceeding.").

B.     **Due Process**

Regardless, Petitioner fails to demonstrate that the alleged state-law error also amounts to a federal constitutional violation. Regarding Petitioner's due process allegation, a violation of state law is only cognizable on habeas review if it renders the trial fundamentally unfair. *See Bigby v. Dretke*, 402 F.3d 551, 574 (5th Cir. 2005) (citations omitted). Petitioner fails to make this showing.

As the Court understands it, Petitioner's argument flows from his assumption that the two 1990 DWI convictions used to enhance his current conviction to a felony were elements of the underlying offense. According to Petitioner, this is important because the provision of the Texas Penal Code pursuant to which he was sentenced, Section 49.09—which no longer contained the ten-year requirement for prior convictions to be used as enhancements—only applies to offenses committed after September 1, 2005. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364. Because the 2005 law repealing the ten-year requirement contained a savings clause providing that prior law would control for any element that was committed prior to September 1, 2005, Petitioner contends that the new law does not apply to his conviction because two of the "elements" of the instant offense—the 1990 DWI convictions—were committed well before the effective date of the statute.

Under Texas law, however, a prior conviction used to enhance punishment is not an element of the offense. *See Oliva v. State*, 548 S.W.3d 518, 531-32 (Tex. Crim. App. 2018) (finding the existence of a prior conviction for DWI is a punishment issue, not an element of the offense). Even if it were, only the *existence* of the prior conviction would be relevant—not the date of the conviction. *State v. Mason*, 980 S.W.2d 635, 641 (Tex. Crim. App. 2018) (finding "the

Legislature did not intend for the date of the prior conviction to be considered an element of [the offense]."). Because the date of Petitioner's prior DWI convictions were not an element of the offense for which he was ultimately convicted, no due process violation occurred. As such, Petitioner fails to demonstrate that the state court's rejection of this claim was unreasonable.

**C.      Ex Post Facto**

Petitioner also fails to demonstrate that the state court's rejection of his *ex post facto* claim was unreasonable. "For an *ex post facto* violation to occur, two elements must be present: (1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the defendant's crimes." *Warren v. Miles,* 230 F.3d 688, 692 (5th Cir. 2000) (citing *California Dept. of Corrections v. Morales,* 514 U.S. 499, 509 (1995)). Here, the new law creates a sufficient risk of increasing the punishment attached to Petitioner's crime. Therefore, the only issue is whether the new law, as applied to Petitioner's case, is retrospective.

In *Gryger v. Burke,* 334 U.S. 728 (1948), the Supreme Court considered a defendant, similar to Petitioner, who was sentenced as a habitual offender based on a law that was enacted after his prior offense. The Court reasoned that: "[t]he sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one." *Id.* at 732. Thus, because they "penalize the new criminal offense being enhanced rather than the prior offense used for enhancement[,]" recidivist statutes, like the one in

7

question in this case, do not violate the *Ex Post Facto* Clause. *Ex parte White*, 211 S.W.3d 316, 320 (Tex. Crim. App. 2007);[2] *see also United States v. Rasco*, 123 F.3d 222, 227 (5th Cir. 1997).

Petitioner's punishment is based on the date of his most recent offense, which took place after the amendment of Section 49.09 became effective, rather than based on the dates of his earlier offenses. Accordingly, the new statute, which no longer contained the ten-year requirement, is not retrospective. Thus, this Court finds nothing unreasonable in the state court's rejection of Petitioner's *ex post facto* claim. Federal habeas corpus relief is therefore denied.

**D.      Actual Innocence**

Finally, a component of Petitioner's allegation is that he is "actually innocent" of felony DWI. But "freestanding" claims of actual innocence, such as the allegation now before the Court, do not provide a valid basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera*, 506 U.S. at 399. Because the Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review, Petitioner's allegation must be rejected.

Alternatively, even if an actual-innocence claim could be the basis for federal relief, it

---

[2]      Texas courts have consistently held that for purposes of enhancement, the use of prior convictions that could not have been used at the time they were originally committed is not a violation of the prohibition against *ex post facto* laws. *Conelly v. State*, 451 S.W.3d 471, 477-78 (Tex. App.–Houston [1st Dist.] 2014) (citing *Cohen v. State*, No. 10-08-00385-CR, 2010 WL 199887, at *2 n.2 (Tex. App.—Waco Jan. 2, 2010, no pet.) (unpublished)); *see also Englebrecht v. State*, 294 S.W.3d 864, 868 (Tex. App.—Beaumont 2009, no pet); *Sepeda v. State*, 280 S.W.3d 398, 402 (Tex. App.—Amarillo 2008, pet. ref'd); *Crocker v. State*, 260 S.W.3d 589, 592 (Tex. App.—Tyler 2008, no pet); *Saucedo v. State*, No. 03-06-0305-CR, 2007 WL 1573948, at *4 (Tex. App.—Austin May 30, 2007, no pet.) (unpublished); *Romo v. State*, No. 04-05-00602-CR, 2006 WL 3496933, at *1-2 (Tex. App.—San Antonio Dec. 6, 2006, no pet.) (unpublished).

would only be cognizable if there were no state procedure available for making the claim. *Herrera*, 506 U.S. at 417; *Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003). Such is not the situation in Texas, where state procedures are available to raise claims in clemency proceedings or a state habeas petition. *See* Tex. Crim. Proc. Code art. 48.01 (West 2022); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998). Indeed, Petitioner unsuccessfully raised his actual innocence claim during his state habeas proceeding. Thus, Petitioner's freestanding claim of actual innocence must be denied.

### IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claim on the merits during his state habeas proceedings was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial, appellate, and habeas corpus proceedings.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Robert Lee Crider's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 20th day of November, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE